# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1505V
UNPUBLISHED

| | |
|---|---|
| DEBRA S. COLGAN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 7, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus-Diphtheria-<br>Acellular Pertussis (Tdap); Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA). |

*Jimmy A. Zgheib, Zgheib Sayad, P.C.,* White Plains, NY, for Petitioner.

*Adriana Ruth Teitel, U.S. Department of Justice,* Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On October 30, 2020, Debra S. Colgan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on September 13, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 7, 2022, Respondent filed his Rule 4(c) report in which he **concedes** that Petitioner's alleged injury is consistent with SIRVA as defined by the Vaccine Injury Table, and that compensation is appropriate. Specifically, Petitioner had no history of pain, inflammation, or dysfunction in the shoulder at issue; the onset of Petitioner's pain

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

occurred within 48 hours after receipt of an intramuscular vaccination; pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain Petitioner's symptoms. Respondent further agrees that the statutory six-month sequelae requirement has been satisfied. Rule 4(c) Report at 11-12 (citing 42 C.F.R. §§ 100.3(a), (c)(10)).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master